BYRNES, Judge.
Landis Construction Company, Inc. (Lan-dis) and its surety, United States Fidelity and Guaranty Company (USF & G) appeal a district court ruling which awarded plaintiff-appellee, Arteck Services, Inc. (ASI) $32,568.26 under its contract with Landis. ASI also appeals the ruling below insofar as it refused ASI’s request for statutory attorney’s fees and denied ASI full recovery of the amount it claimed was due as a result of work completed under its contract with Landis. For reasons cited below we reverse the trial court’s judgment.
This is one of series of cases arising out of the 1984 World’s Fair and the subsequent bankruptcy proceedings entered into by the Fair’s owner, the Louisiana World Exposition, Inc. (LWE). In the present case, ASI entered into two sub-contracts with Landis, a general contractor, to furnish labor and materials in the construction of several buildings at the World’s Fair site.
Under its contracts with Landis, ASI was to be paid:
Ninety percent (90%) of the value of the work completed and accepted each month for which payment has been made by said Owner to said Contractor to be paid on or about the twentieth of the following month, except that final payment will be made by said Contractor to said Sub-contractor immediately following final completion and acceptance of such materials and work by the Architect, and final payment received by said Contractor, and after satisfactory evidence has been furnished to said Contractor by said Sub-Contractor that all labor and material accounts for use on this particular work have been paid in full, (emphasis added)
In accordance with this provision, Landis made periodic payments to ASI as the work progressed and as LWE paid Landis. After ASI has substantially completed its work and it was accepted by the project architect, a balance of $37,646.38 remained unpaid. Upon demand, Landis claimed that it was under no contractual obligation to pay ASI this balance since LWE had failed to pay Landis for the same work under the general contract between LWE and Landis. In support of its position, Landis cited the above portion of its contracts with ASI. Landis asserted that these “pay when paid” provisions constituted suspensive conditions to its obligation to pay ASI. ASI argued that the ‘pay when paid’ provisions were not suspensive conditions but were only intended to provide a reasonable term for payment by the general contractor to the sub-contractor.
At trial, the court weighed both arguments and found that the “pay when paid” language was arguably ambiguous. The court then interpreted the contract against Landis, who drafted the contract, and found that the “pay when paid” provision merely provided a timetable by which Lan-dis was to pay ASI. Judgment was accordingly entered against Landis and its surety, USF & G and in favor of ASI for $32,-568.26; a sum reflecting the amount due under its contract with Landis, less $5,078.12 which ASI owed to a supplier. The trial court denied ASI’s demand for statutory attorney’s fees on the ground that ⅛ was recovering less then the full amount demanded in its pleadings.
“PAY WHEN PAID” PROVISION
In resolving this issue, we are bound by this court’s ruling in Strahan v. Landis, *608 499 So.2d 417 (La.App. 4th Cir.1986), writ granted, 500 So.2d 414 (1987). Strahan, involved a form contract drafted by Landis which was identical to the contract in the present case. Likewise, Strahan arose in the context of the World’s Fair and the litigation caused by its financial failure. In Strahan, this court analyzed the language of the “pay when paid” provision and found that there was no doubt, ambiguity, uncertainty, or obscurity about the words of the provision.
In reaching this conclusion the court found that:
Nothing can be clearer than the words regarding final payment which was to be made when three things occurred including “final payment received by said Contractor.” There is no need to invoke the provisions of Arts. 1957 and 1958 because no doubt exists here. Plaintiff must abide by the clear provisions of the subcontract he signed.
Inasmuch as the contract under consideration here is identical to that in Strahan, we reverse the trial court’s ruling that it was ambiguous and hold that Landis’ obligation to pay ASI is suspended until Landis is paid by LWE.
LIABILITY OF USF & G
ASI also argues that even if it cannot recover from Landis due to the suspensive condition imposed by the “pay when paid” provision of its contract, it should be allowed to recover on the bond which USF & G, as surety, issued in favor of LWE and sub-contractors like ASI. We do not agree.
A bond issued under the provisions of the Private Works Act (R.S. 9:4801-4842) is, in effect, a legal suretyship and is regulated by the rules of suretyship as modified by the Act. Thus, for example, the pleas of discussion and division are not available to the surety under the Private Works Act. See R.S. 9:4813(A), 4802(E). Likewise, certain defenses which are ordinarily available to sureties do not apply to sureties under the Private Works Act. See R.S. 9:4812 E(l), (2), and (3). At issue in this case is whether a surety under the Private Works Act can assert the defense that the obligation it secures is not yet enforceable due to a suspensive condition. We hold that it can.
Suretyship is an accessory promise by which the surety agrees to satisfy an obligation in the event that the principal debtor fails to do so. C.C. Art. 3035. Implicit in this statement is the assumption that the surety cannot be called upon to satisfy an obligation which has not matured. In the present case, USF & G’s bond was issued to guarantee Landis’ performance of its obligations to LWE as well as sub-contractors like ASI. Landis has not defaulted on its obligation to ASI. As discussed above, that obligation is suspended because of LWE’s failure to pay Landis. If Landis’ obligation to pay ASI is not yet enforceable we do not see how USF & G can be made to satisify it. To hold otherwise would do violence to the whole concept of suretyship and make USF & G an absolute insurer of LWE’s solvency with no defenses. This result is not contemplated by the Private Works Act, nor was it contemplated by the parties to the bond or sub-contract. We therefore hold that USF & G’s bond is not available to satisfy ASI’s claim for payment against Landis at this time. This result is consistent with the Private Works Act and the law of surety-ship.
For the foregoing reasons, the judgment of the trial court is reversed at ASI’s cost.
REVERSED.
REDMANN, J., dissenting with reasons.